UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════════

ALICIA ROBINSON

                    Plaintiff,

            v.                                  16-CV-00432-MAT-MJR
                                                REPORT AND
                                                RECOMMENDATION

THE CITY OF BUFFALO, et al.,

                    Defendants.

═══════════════════════════════════════

        This case was referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code.[1]  Before the Court is a motion by plaintiff to proceed *in forma pauperis* on appeal.  (Dkt. No. 55).  For the following reasons, it is recommended that plaintiff's motion be denied.[2]

        Plaintiff Alicia Robinson, represented by counsel, filed a complaint pursuant to Section 1983 of Title 42 of the United States Code against fifteen named defendants alleging violations of her civil rights under the United States Constitution and New York State law.  (Dkt. No. 1).  On May 12, 2017, the Honorable Michael J. Telesca granted a Motion to Dismiss for Lack of Jurisdiction Dismissing Plaintiff's Complaint with Prejudice and Motion for Judgment on the Pleadings Dismissing Plaintiff's Complaint with Prejudice by defendants Paul Delano, Daniel Derenda, Norman G. Hartman, Ray Krug, Patrick

─────────────────────────────

[1] This case was originally assigned to the Honorable Elizabeth A. Wolford.  On April 5, 2017, the matter was reassigned to the Honorable Michael A. Telesca for all further proceedings.  (Dkt. No. 44).

[2] There is a split of authority as to whether the denial of an *in forma pauperis* request is a dispositive determination.  *See Green v. Prepaid*, 10 Civ. 2180, 2010 U.S. Dist. LEXIS 56563 (SDNY June 7, 2010)  Because denial of plaintiff's request may preclude her from pursuing an appeal, the Court will proceed here on recommendation.

O'Rourke, One Officer John Doe of the City of Buffalo Police Department, the City of Buffalo, and the City of Buffalo Police Department. (Dkt. No. 45). In the same Decision and Order, Judge Telesca granted a Motion for Judgement on the Pleadings by the County of Erie, Erie County Sheriff Timothy Howard, and One Officer John Doe of the Erie County Sheriff's Department. *Id.* The May 12, 2017 Decision and Order dismissed plaintiff's complaint as to defendants Delano, Derenda, Hartman, Krug, O'Rourke, One Officer John Doe of the City of Buffalo Police Department, the City of Buffalo, the City of Buffalo Police Department, the County of Erie, defendant Howard, and One Officer John Doe of the Erie County Sheriff's Department. The Clerk of the Court entered interim judgment in favor of these defendants on May 15, 2017, and the case proceeded as to the remaining defendants. (*Id.*, Dkt. No. 46).

Plaintiff filed an Interlocutory Notice of Appeal of the Decision and Order with the Second Circuit Court of Appeals on May 18, 2017. (Dkt. No. 47). On August 9, 2017, the Second Circuit Court of Appeals denied plaintiff's request to proceed with an interlocutory appeal on the grounds that "no statute or rule authorizes an immediate appeal." (Dkt. No. 52).

On August 23, 2017, plaintiff and the remaining defendants, City of Lackawanna and Lieutenant Aaron Brennan of the City of Lackawanna Police Department, filed a Stipulation of Discontinuance discontinuing the lawsuit on the merits. (Dkt. No. 50). The Clerk of the Court entered final judgment on September 1, 2017, and closed the case. (Dkt. No. 53).

Plaintiff filed a Notice of Appeal on October 2, 2017. (Dkt. No. 54). The notice indicated that she is appealing, to the Second Circuit Court of Appeals, the May 12, 2017

Decision and Order.  (Dkt. No 54).  Also on October 2, 2017, plaintiff filed a motion to proceed *in forma pauperis*.  (Dkt. No. 55).  On October 3, 2017 and October 6, 2017, attorneys for City of Buffalo and County of Erie defendants submitted letters stating that the Notice of Appeal was untimely because it had not been filed within thirty days after Judge Telesca's May 12, 2017 Decision and Order.  (Dkt. Nos. 56-58).  They further argued that the appeal is barred by *res judicata* as a result of the Second Circuit's dismissal of plaintiff's interlocutory appeal on August 9, 2017.[3]  *Id.*

Section 1915 of Title 28 of the United States Code and Rule 24 of the Federal Rules of Appellate Procedure govern a litigant's ability to proceed *in forma pauperis* on appeal.  Section 1915 states, in relevant part:

> Any court of the United States may authorize commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. §1915(a)(1).[4]  Likewise, Rule 24(a)(1) requires a party seeking to appeal *in forma pauperis* file a motion in the District Court as well as an affidavit stating (1) the party's inability to pay or to give security for fees and costs pursuant to Form 4 of the Appendix of Forms; (2) entitlement to redress; and (3) the issues to be presented on appeal.  *See* Fed. R. App. P. 24(a)(1).  An appeal may not be pursued *in forma pauperis* "if the trial court certifies in writing that it would not be taken in good faith."  28 U.S.C.

---

[3] The Court notes that the Second Circuit Court of Appeals denied plaintiff's prior appeal on the basis that there were no grounds for an interlocutory or immediate appeal of the May 12, 2017 Decision and Order and did not determine the substantive merits of the appeal.

[4] Although Section 1915(a) refers to a "statement of all assets such prisoner possesses", Section 1915(a) has been applied by courts in their review of applications by non-prisoners as well.  *See Linden v. Harper & Row Publishers*, 490 F. Supp. 297, 300 (SDNY 1980).

§1915(a)(3).  Section 1915(a)(3) requires "an inquiry into the merits of the appeal rather than the subjective good faith of plaintiff."  *Clay v. New York National Bank*, 99 Civ. 9857, 2001 WL 277299 (SDNY March 21, 2001).

Plaintiff's motion to proceed *in forma pauperis* should be denied because an appeal of the May 12, 2017 Decision and Order would be frivolous and not taken in good faith.  In a comprehensive and well-reasoned decision, Judge Telesca dismissed the complaint as to the City of Buffalo and County of Erie defendants, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, because plaintiff failed to effectuate timely and proper service of legally sufficient process.  (Dkt. No. 45).  Judge Telesca then set forth a myriad of reasons as to why good cause did not exist for the Court to extend the time for service under Federal Rule of Civil Procedure 4(m) and why it would not exercise its discretion to extend the time in absence of good cause.  *Id.* Plaintiff states that she intends to appeal this determination but offers no substantive argument in support of her position.  In light of the clarity of legal standards involved here, Judge Telesca's detailed findings as to why service of process was insufficient and untimely, and the lack of good cause shown by plaintiff, the Court finds that an appeal by plaintiff would not be in good faith as required by Section 1915.

For these reasons, it is recommended that plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 55) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Telesca, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of

this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Telesca.

**Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y.  L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."*  **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:      October 24, 2017
            Buffalo, New York

/s/ Michael J. Roemer
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge